FILED

2018 NOV 21 P 2:44

CIVIL DISTRICT COURT

## SECURED PROMISSORY NOTE

$ 3,166,000.00 – Principal Amount                                                  July 31, 2013

      FOR VALUE RECEIVED, **SUSAN H. HOFFMAN**, an individual, and **ROYAL ALICE PROPERTIES, LLC,** a Louisiana limited liability company, jointly and severally, (each of which is hereinafter referred to as "**Maker**"), hereby promises to pay to **AMAG, INC.**, a California corporation, or to its order ("**Payee**"), at such place as Payee may designate, the principal sum of Three Million One Hundred Sixty-Six Thousand Dollars ($3,166,000.00), or the principal amount then outstanding of advances that Payee makes hereunder to Maker, whichever amount is less, plus interest on the principal sum and all unpaid balances and all other amounts owed by Maker to Payee at the interest rate set forth below, payment of principal and interest to be made in lawful money of the United States, as follows:

      (a)    Interest on the outstanding principal balance of this Note, shall be calculated at the rate of ten percent (10%) per annum of the outstanding principal amount loaned, during the first two year period commencing from the date of this Secured Promissory Note ("**Note**"), with interest increasing thereafter to twelve percent (12%) per annum. Interest shall be due and payable to Payee monthly on the 1st day of each calendar month, with the first payment due on September 1, 2013 and thereafter on the 1st day of the next calendar month. Said interest will be calculated based on a 365-day year, for the exact number of days, said principal is outstanding under this Note. The aforesaid interest rate is subject to increase as set forth below. Payee may send Maker notice of interest due under this Note, provided that the failure to send such notice or any inaccuracy therein shall not affect the obligation of Maker under this Note.

      (b)    So long as no event of default occurs as a result of which Payee declares this Note immediately due and payable, including but not limited to an Event of Default as defined under the Loan Agreement (defined below) or any of the Loan Documents, all amounts of unpaid accrued interest and unpaid principal shall be due and payable in full on the earlier of thirty-six (36) months from the date of this Note ("**Maturity Date**").

      (c)    This Note may be prepaid in whole or in part at any time without penalty.

      (d)    Payment will be applied first to accrued but unpaid interest then due, and then to principal. The receipt of any check or other item of payment by Payee, at its option, shall not be considered a payment on account until such check or other item of payment is honored when presented for payment at the drawee bank.

      (e)    Maker shall pay all amounts due under this Note to: AMAG, Inc., 233 Wilshire Boulevard, Suite 200, Santa Monica, California 90401, or such other office as may be designated by Payee from time to time.

      (f)    All amounts owed by Maker pursuant to this Note shall be collectively referred to herein as the "**Obligation**" of Maker.

SECURED PROMISSORY NOTE - 1 of 4

07616.0143.5938678.4

**EXHIBIT A**

In addition, the following provisions shall govern this Note:

1. **LOAN AGREEMENT AND LOAN DOCUMENTS:** This Note is made and delivered to Payee pursuant to and is subject to all terms and conditions set forth in the Loan Agreement entered into by Maker, and Payee as of the date of this Note (the "**Loan Agreement**"). This Note is secured by certain collateral, as evidenced by the Loan Documents, as that term is in the Loan Agreement, covering the real and personal property described therein. Capitalized terms used in this Note and not otherwise defined herein shall have the meanings set forth in the Loan Agreement.

2. **LINE OF CREDIT:** This Note evidences a non-revolving line of credit under the terms of which the principal amount available to be advanced by Payee under this Note shall be reduced by the amount of each advance and shall not be increased as a result of payments or prepayments which reduce the unpaid principal balance. All advances hereunder shall be subject to that certain Loan Agreement dated July 31, 2013, between Maker and Payee, the terms and conditions of which, as the same may be amended from time to time, are incorporated herein by reference and are a part of the terms and conditions of this Note.

3. **DEFAULT, CROSS-DEFAULT AND ACCELERATION:** Time is of the essence. If Maker fails to make any payment of principal, interest or any other amount on the date the same is due and payable under this Note, the Loan Agreement, any of the Loan Documents, or any other agreement between Maker and Payee, or Maker or any other party fails to meet or perform any other obligation under any term or condition of this Note, the Loan Agreement, any of the Loan Documents, or any other agreement between Maker and Payee, or an Event of Default occurs under the Loan Agreement or any of the Loan Documents, then this Note shall be in default. Upon default, Payee shall provide written notice to Maker specifying the nature of the default and directing that it be remedied within thirty (30) days (except that for a monetary default, the cure period shall be five (5) days. Upon default, the interest rate provided for in this Note shall immediately increase to eighteen percent (18%) per annum ("**Default Rate**"), unless and until cured by Maker, and upon Maker's failure to cure any default, the entire unpaid amount of this Note shall be immediately due and payable without further notice or demand from Payee. Until cured, interest shall accrue daily after default with accrued interest being added to principal at the end of each calendar month and thereafter compounded to calculate interest on the amounts owed pursuant to this Note, and Maker shall thereafter be liable for all costs of collection, including reasonable attorneys' fees and the costs, in addition to the payment of principal, interest and any other amount.

4. **COSTS, FEES AND COMPENSATION:** Maker further promises to pay all amounts owed under this Note, the Loan Agreement and the other Loan Documents and shall pay all such amounts as specified therein.

5. **WAIVER:** Maker and all endorsers, guarantors and all persons liable or to become liable on this Note, waive presentment, demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of nonpayment; notice of costs, expenses or losses

SECURED PROMISSORY NOTE - 2 of 4

07616.0143.5938678.4

and interest thereon; and any and all other notices or matters of a like nature, other than notices required pursuant to this Note, the Loan Agreement or the Loan Documents.

6. SUCCESSOR AND ASSIGNS: The terms of this Note shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns.

7. CUMULATIVE REMEDIES: Upon the occurrence of any default under this Note, the Loan Agreement, or any of the Loan Documents, Payee shall have all rights specified therein and as provided under relevant law. No remedy or election hereunder shall be deemed exclusive but shall wherever possible, be cumulative with all other remedies at law or equity.

8. GUARANTY: This Note and all obligations thereunder are guaranteed by Peter Hoffman (the "**Guarantor**") pursuant to his Continuing Personal Guaranty, entered into in association with this Note by and between Payee and Guarantor.

9. VENUE AND JURISDICTION: Maker hereby agrees: (a) that any litigation, action or proceeding arising out of or relating to this Note may be instituted in any state or federal court located in the Parish of Orleans, in the State of Louisiana; (b) that it waives all objections which it might now or hereafter have with regard to the venue of any such tribunal; (c) that it irrevocably and unconditionally submits to the jurisdiction and venue of any such court; and (d) that it hereby waives any claim or defense of inconvenient forum.

10. AUTHORIZATION: Susan H. Hoffman and Royal Alice Properties, LLC each represent and warrant that Susan H. Hoffman is the sole member of Royal Alice Properties, LLC and the authorized representative of Royal Alice Properties, LLC and that she has all requisite authority to bind Royal Alice Properties, LLC, and that Royal Alice Properties, LLC is in good standing in Louisiana and in any other jurisdiction in which it is required to be qualified; that Susan H. Hoffman and Royal Alice Properties, LLC each have the power and authority to own their properties and to transact the business in which it is engaged in all places at which it engages in business; that they have each taken all actions required to be taken in connection herewith; and that upon execution of this Note by the them, this Note will constitute a legal, valid and binding obligation of them and will be enforceable against them as set forth herein.

11. ATTORNEY FEES AND COSTS OF COLLECTION: Maker shall pay Payee all reasonable expenses, attorney fees and costs incurred by Payee to enforce the terms of this Note, the Loan Agreement and/or any of the Loan Documents, including, without limitation, all reasonable expenses, attorney fees and costs on appeal.

12. PRIOR NOTES: This is a renewal of the promissory note from Susan H. Hoffman and Peter Hoffman dated April 3, 2007 in the original principal amount of $2,200,000.00 and the promissory note from Susan Hoffman and Peter Hoffman dated April 26, 2012 in the original principal amount of $648,863.19, as assigned to Lender on July 31, 2013. This Note constitutes an extension, but not a novation, of the amount of the unpaid and continuing indebtedness, and all rights held by Payee under the earlier notes shall continue in full force and effect.

SECURED PROMISSORY NOTE - 3 of 4

07616.0143.5938678.4

13. MISCELLANEOUS PROVISIONS:

(a) No delay or omission on the part of Payee in exercising any rights hereunder or under the terms of any security agreement or any document given to secure this Note, or any guaranty made to guarantee payment of this Note, shall operate as a waiver of such rights or of any other right hereunder or under said agreements.

(b) The invalidity or unenforceability of any provision hereof, of this Note, the Loan Agreement or any of the Loan Documents, or of any other instrument, agreement or document now or hereafter executed in connection with the loan made pursuant thereto shall not impair or vitiate any other provision of any of such instruments, agreements and documents, all of which provisions shall be enforceable to the fullest extent now or hereafter permitted by law.

(c) This Note, the Loan Agreement and the Loan Documents may only be amended, terminated, extended or otherwise modified by a writing signed by the party against which enforcement is sought. In no event shall any oral agreements, promises, actions, inactions, knowledge, course of conduct, course of dealing, or the like be effective to amend, terminate, extend or otherwise modify any of same.

(d) This Note and the rights and remedies provided for herein may be enforced by Payee or any subsequent holder hereof. Wherever the context permits, each reference to the term "holder" herein shall mean and refer to Payee or the then subsequent holder of this Note.

(e) Maker agrees that the holder of this Note may, without notice to Maker and without affecting the liability of Maker, accept security for this Note and any additional or substitute security, if any, or release any security or any party liable for this Note, including any guarantor, or extend or renew this Note.

IN WITNESS WHEREOF, the parties have executed and delivered this Note as of the date first set forth above.

**MAKER:**

**SUSAN H. HOFFMAN, an individual**

*/s/ Susan H. Hoffman*

**MAKER:**

**ROYAL ALICE PROPERTIES, LLC,**
a Louisiana limited liability company

By: */s/ Susan H. Hoffman*
Name: <u>Susan H. Hoffman</u>
Title: <u>Managing Member</u>

SECURED PROMISSORY NOTE - 4 of 4

07616.0143.5938678.4