UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 19-12337 |
| ROYAL ALICE PROPERTIES, LLC | SECTION "A" |
| DEBTOR | CHAPTER 11 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROYAL ALICE PROPERTIES, LLC

    PLAINTIFF

| | |
|---|---|
| VERSUS | ADV. NO. 19-01133 |

AMAG, INC.

    DEFENDANT

### ANSWER OF AMAG, INC. TO COMPLAINT OF ROYAL ALICE PROPERTIES, LLC

**TO THE HONORABLE MEREDITH S. GRABILL, U.S. BANKRUPTCY JUDGE:**

AMAG, Inc. (hereinafter "AMAG" or "Defendant"), reserving all rights, files this Answer to the Complaint of Royal Alice Properties, L.L.C., Adversary No. 19-01133, Debtor in possession herein:

1. The allegations of ¶ 1 are Admitted.

2. The allegations of ¶ 2 are Denied as written, admitted that Susan Hoffman, a non-Debtor, transferred the asset, AMAG does not admit the legality or validity of the transfer. Further answering, AMAG was not requested to allow the transfer under the Multiple Indebtedness Mortgage, nor did AMAG provide approval.

1

3. The allegations of ¶ 3 are Admitted.

4. The allegations of ¶ 4 do not require a response, AMAG requires strict proof of the assertions regarding the allegation regarding the separation of Peter Hoffman and Susan Hoffman.

5. The allegations of ¶ 5 are Admitted.

6. The allegations of ¶ 6 are Admitted as to jurisdiction, AMAG does not Admit to the conclusions of law; AMAG admits to allegation relating to Venue.

7. The allegations of ¶ 7 are Admitted as to venue.

8. The allegations of ¶ 8 are Denied as to facts asserted therein and to any conclusions of law.

9. The allegations of ¶ 9 are Denied.

10. The allegations of ¶ 10 are Denied.

11. The allegations of ¶ 11 are Denied as to the factual assertions and the conclusions of law contained therein.

12. The allegations of ¶ 12 are conclusion of law and do not require a response but are Denied in an abundance of caution.

13. The allegations of ¶ 13 are Denied.

14. The allegations of ¶ 14 are Denied as written and AMAG requires strict proof of the allegations.

15. The allegations of ¶ 15 are Denied as written and AMAG requires strict proof of the allegations.

16. The allegations of ¶ 16 are Denied as they do not call for a response. In an abundance of caution, AMAG denies the allegations.

17. The allegations of ¶ 17 are Denied as they do not call for a response. In an abundance of caution, AMAG denies the allegations.

18. The allegations of ¶ 18 are Denied as written.

19. The allegations of ¶ 19 are Denied as written.

20. The allegations of ¶ 20 are Denied and further answering, do not call for a response. In good faith, AMAG asserts that it paid the Whitney debt and loaned money to pay legal fees of the Hoffmans and/or their entity(s).

21. The allegations of ¶ 21 constitute a conclusion of law, but in an abundance of caution, are Denied.

22. The allegations of ¶ 22 constitute a conclusion of law, but in an abundance of caution, are Denied.

23. The allegations of ¶ 23 constitute a conclusion of law, but in an abundance of caution, are Denied.

24. The allegations of ¶ 24 are Denied. Further answering, the Queens Road foreclosure was accomplished by the first lien holder, Chase Bank, which remitted to Palm Finance Corporation as second lien holder the amount received at the Chase Bank foreclosure over and above the Chase Bank balance to Palm Finance Corporation. The Queens Road property was collateral for a different loan and was applied by Palm Finance Corporation to the debt which was secured in part by the Queens Road Property. Palm Finance Corporation is a separate entity from AMAG, Inc.

25. The allegations of ¶ 25 are Denied as to the amount received, as the Complaint states "an affiliate of AMAG received the sum of $392,779.75" but the actual amount received was

$392,779.74, and further answering the Queens Road property was collateral for a different loan, and the amount received was applied by Palm Finance Corporation to the debt of Peter Hoffman or his entity(s) which was secured in part by the Queens Road Property.

26. The allegations of ¶ 26 are as conclusions of law which do not require a response, however AMAG Denies the allegations in an abundance of caution and requires strict proof of the allegations.

27. The allegations of ¶ 27 are conclusions of law which do not require a response, however AMAG Denies the allegations in an abundance of caution and requires strict proof of the allegations; further answering, the factual allegations are vague and AMAG is unable to determine which "Loan Balance" is referenced as RAP conflates the second lien on Queens Road which was collateral for a separate loan made by Peter Hoffman or one of his entity(s) with the loan made subject of the executory process.

28. The allegations of ¶ 28 including subparts A., B., C. & D. are conclusions of law which do not require a response, however AMAG Denies the allegations in an abundance of caution.

29. The allegations of ¶ 29 are conclusions of law and AMAG's Answer constitutes AMAG's position on the allegations of the complaint. AMAG Denies the allegations in an abundance of caution.

30. The allegations of ¶ 30 constitute a request for relief which does not require a response. AMAG Denies the allegations of this request for relief in abundance of caution.

**WHEREFORE** AMAG, Inc. prays that the Court deem this Answer proper, and that after due proceedings in a court of proper jurisdiction, that the Complaint herein be dismissed.

        Respectfully Submitted,

        */S/Richard W. Martinez*

        _____
        **RICHARD W. MARTINEZ (#17040)**
        Richard W. Martinez, APLC
        3500 N. Hullen St.
        Metairie, LA 70002
        Telephone: (504)525-3343
        Email: richard@rwmaplc.com
        Attorney for AMAG, Inc.

Dated: December 19, 2019