UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CASE NO. 19-12337

ROYAL ALICE PROPERTIES, LLC  SECTION "A"

DEBTOR  CHAPTER 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROYAL ALICE PROPERTIES, LLC

PLAINTIFF

VERSUS  ADV. NO. 19-01133

AMAG, INC.

DEFENDANT

## DECLARATION OF STEVEN C. MARKOFF

I, Steven C. Markoff, declare and state as follows:

1. My name is Steven C. Markoff. I am over 18 years of age, of sound mind, and capable of making this Declaration. I have personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify to the matters discussed herein.

2. I am the Chairman and President of AMAG, Inc., a California corporation ("AMAG"). This Declaration is based upon my personal knowledge obtained in part from personal participation in the events at issue and from my personal review of business records, of which I share custodianship, kept by AMAG, made by AMAG as part of its business practice, and in the course of regularly-conducted business activity, which records were made at or near the time by, or from the information transmitted by, an employee of AMAG with personal knowledge of the information recorded in said business records.

DECLARATION OF STEVEN C. MARKOFF - 1

07616.0191.13101312.1

3. AMAG is and was at all relevant times a corporation in good standing, under the laws of the State of California, with its principal place of business at 233 Wilshire Blvd., Suite 200, Santa Monica, California 90401 and at all relevant times has been licensed in the State of California as a Finance Lender.

4. I am the Chief Executive Officer of Palm Finance Corporation ("Palm Finance").

5. Palm Finance Corporation ("Palm Finance") is and was at all relevant times a corporation in good standing, under the laws of the State of California, with its principal place of business at 233 Wilshire Blvd., Suite 200, Santa Monica, California 90401 and at all relevant times has been licensed in the State of California as a Finance Lender.

6. Attached to this Declaration as Exhibit 1 is a true and correct copy of a Memorandum that was signed by Peter Hoffman and Susan Hoffman on May 16, 2013.

7. At all times until AMAG entered into the Loan Agreement for the loan made to Susan H. Hoffman ("Susan Hoffman") and Royal Alice Properties, LLC ("Royal Alice") that is the subject of this Adversary Proceeding, both Susan Hoffman and Peter Hoffman represented to me that the loan was being made for commercial purposes only and they never told me that the loan proceeds would be used for anything other that commercial purposes.

8. Attached to this Declaration as Exhibit 2 is a true and correct copy of the Loan Agreement dated July 31, 2013 between AMAG, as "Lender" and Susan Hoffman and Royal Alice as "Borrowers." The last sentence of Section 1 of that Loan Agreement provides: "Borrowers warrant and represent that the Loan will be used exclusively for business and commercial purposes and is not being used for personal or household purposes." Neither Susan Hoffman, nor any representative of Royal Alice nor any other person ever told me anything that suggested anything suggesting that AMAG could not rely upon the warranty and representation in the last sentence of Section 1 of the Loan Agreement or that caused me to believe that warranty and representation was not accurate.

DECLARATION OF STEVEN C. MARKOFF - 2

07616.0191.13101312.1

9. In October 2011, Palm Finance entered into a Subscription Agreement to purchase 125,125 shares of Series A Preferred Stock in Seven Arts Entertainment, Inc., a Nevada corporation, for a purchase price of $1,251,250. Attached to this Declaration as Exhibit 3 is a true and correct copy of that Subscription Agreement pursuant to which Palm Finance purchased 125, 125 shares of Series A Preferred Stock in Seven Arts Entertainment, Inc., a Nevada corporation, for a purchase price of $1,251,250.

10. Effective as of October 19, 2011, Palm Finance sold to 125,125 of Series A Preferred Stock in Seven Arts Entertainment, Inc., a Nevada corporation, ("SAE") that was convertible into common stock of SAE, for a purchase price of $1,251,250, which was paid by AMAG to Palm Finance. Attached to this Declaration as Exhibit 4 is a true and correct copy of a letter sent to Interwest Transfer Company, Inc., providing notification of that sale and the Bill of Sale and Assignment enclosed with that letter.

11. Attached to this Declaration as Exhibit 5 is a true and correct copy of the Interwest Transfer Company, Inc. Shareholder Statement for the SAE Series A Preferred Stock ("SAE Preferred Shares").

12. After the purchase, AMAG did attempt to periodically monitor trading prices of SAE common stock to obtain some indication of the potential value of the SAE Preferred Shares. However, we were not able to monitor trading prices of the SAE Preferred Shares, which had a preference on liquidation over the common stock of SAE.

13. Attached to this Declaration as Exhibit 6 is a true and correct copy of a letter dated October 26, 2011 from the law firm of Lionel Sawyer & Collins indicating that they were acting as special counsel for SAE in the state of Nevada. Enclosed with that letter was a Certificate for Designation for Nevada Profit Corporations, which included at page 7 contract provisions providing that the Preferred Shares would have a liquidation preference over common shares of SAE. Exh. 6 at p. 7 – (AMAG001193).

DECLARATION OF STEVEN C. MARKOFF - 3

07616.0191.13101312.1

14. At all relevant times, I understood that Peter Hoffman was an officer, director and shareholder in SAE and was thereby fully aware of financial condition of SAE and its value as a company.

15. On July 26, 2013, emails were exchanged between Susan Hoffman, Peter Hoffman, me and others regarding the anticipated loan to Susan Hoffman and Royal Alice. Attached to this Declaration as Exhibit 7 is a true and correct copy that email stream. In the email sent on July 26, 2013 at 4:20 p.m., Peter Hoffman stated in relevant part: "The Seven Arts stock purchase will be funded by Seven Arts investors within the next three months including interest." After receiving that email from Peter Hoffman, my expectation was that Susan Hoffman and Royal Alice would be able to pay the amount of the loan used for the purchase of the Preferred Shares in the amount, plus interest, or at least a substantial portion of that loan, within three months as represented by Peter Hoffman in his email.

16. Attached to this Declaration as Exhibit 8 is a true and correct copy of a series of emails between Susan Hoffman, Peter Hoffman, me and others sent on July 28, 2013. In the first email sent at 12:58 p.m., I did refer to shares of stock that she would be using $366,000 of the proceeds to purchase to be "now almost worthless securities." In the response email sent by Susan Hoffman stated: "About the $366,00 of securities buy-back. Seth and Neil are committed to buying/selling these securities." That statement seemed to me to be consistent with the statement made by Peter Hoffman in the emails of July 26, 2013 described in the preceding paragraph of this Declaration.

17. Attached to this Declaration as Exhibit 9 is a true and correct copy of an email from Peter Hoffman to me dated January 6, 2017. At the time I received this email, it was my understanding the any monies obtained from the foreclosure of the sale of the Queens Road Property would be applied against a loan made by Palm Finance. Neither Peter Hoffman, Susan Hoffman, nor anyone else ever communicated to me that the amounts received should be

DECLARATION OF STEVEN C. MARKOFF - 4

07616.0191.13101312.1

applied against the loan made by AMAG to Susan Hoffman and Royal Alice until after Palm Finance received surplus proceeds of the foreclosure sale in the amount of $392,779.75 and applied the same against the Autopsy Loan.

18. Palm Finance never agreed that monies received from the DOT on the Queens Road Property could be used for a payment against a loan made by AMAG.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on this 25th day of August 2020, in Santa Monica, California.

Steven C. Markoff